**Godfrey Van DeWEEVER, Plaintiff,**

v.

**EXECUTIVE PRODUCER, The Road to El Dorado, Dreamworks Skg, Dreamworks Pictures, Dreamworks Distributors LLC, Defendants.**

**No. 00 CIV. 4629(NRB).**

United States District Court,
S.D. New York.

Dec. 20, 2001.

Godfrey Van DeWeever, New York City, Plaintiff, pro se.

Tom J. Ferber, Esq., Michael G. Goldberg, Esq., Pryor Cashman Sherman & Flynn LLP, New York City, for Defendants.

**MEMORANDUM AND ORDER**

BUCHWALD, District Judge.

Plaintiff, the author of a one-act play entitled "The Sacrifice," sued defendants for copyright infringement stemming from their production and release of the animated film, "The Road to El Dorado" ("El Dorado"). Defendants subsequently moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. Be-

cause we find that the two works are radically dissimilar and that any similarities between them relate to uncopyrightable elements, defendants' motion is granted.

## BACKGROUND

Plaintiff is the author of The Sacrifice, a one-act play about Sir Walter Raleigh's search for gold in Latin America around the turn of the Seventeenth Century.[1] *See* Def.'s Mem. at 1. In the play's first scene, Raleigh interrogates Don Antonio del Berro, a Spanish governor in the New World about the riches of the "City of Manoa del Dorado" and tries to elicit directions on how to get there, but the latter admonishes him that "del Dorado ... is but a fable ... and perhaps no more real than the lamp of Alladin." The Sacrifice at 10. In the next scene, an undeterred Raleigh interviews a Portugese captain who claims that he had been taken prisoner by Indians who took him to "Manoa," a "city of pure gold" ruled by a king named "El Dorado." *Id.* at 28. Much to Raleigh's chagrin, however, the Indians who brought the Portugese captain to Manoa blindfolded him for the trip, and did the same when they sent him away from the city after his visit, thus preventing Raleigh from learning its whereabouts. *Id.* at 28–30. In the final scene, which takes place approximately fifteen years later, a seemingly insane Raleigh rues his failure to find Manoa del Dorado, shoots Walter Keymis (his first captain), and prepares for battle. *Id.* at 31–34. The general mood of The Sacrifice is dark and its themes seem to be failure, death, and despair.

El Dorado is, on the other hand, a lighthearted animated musical comedy intended for children. The plot centers around two mischievous Spanish con men who win a map showing the way to El Dorado, "the city of gold," in a crooked craps game. They accidentally stow away on Cortez's ship bound for the New World, and, through a series of misadventures, escape from the ship and row to shore in a dingy. Once on land, they recognize a landmark from the map, and embark upon a quest to find El Dorado with the intention to obtain as much gold as possible, then return to Spain. Eventually, with help from a pretty El Dorado native, they find the golden city and are welcomed by the natives who believe them to be gods fulfilling a prophecy.

All is not well in El Dorado, however, because the benevolent and corpulent Chief and the evil high priest are engaged in a divisive struggle for power. When the "gods" arrive, the Chief and priest both attempt to curry divine favor for their cause. The protagonists side with the Chief and the priest is banished from El Dorado, but meets Cortez in the jungle near the city. The priest promises to show Cortez the route to El Dorado in exchange for the latter's assistance in his plot to overthrow the Chief. In the climactic final scene, the con men escape with their lives, but no gold, and are forced to seal the city from the outside world in order to save it from Cortez and the priest.

## DISCUSSION

■ "[A] court may determine non-infringement as a matter of law on a motion for summary judgment, either because the similarity between two works concerns only non-copyrightable elements of the

---

1. Defendants concede, for the purpose of the present motion, that plaintiff holds a valid copyright in The Sacrifice. *See* Def.'s Mem. at 1. Moreover, Sabrina C. Thomas, Section Head of the Public Services Section of the Library of Congress Photoduplication Service certified that The Sacrifice was granted copyright DU77457 on June 18, 1970.

plaintiff's work, or because no reasonable jury, properly instructed, could find that the two works are substantially similar." *Warner Bros., Inc. v. American Broad. Cos.*, 720 F.2d 231, 240 (2d Cir.1983) (internal quotation marks, citation, and emphasis omitted).[2] Here, a comparison of The Sacrifice and El Dorado demonstrate beyond cavil *both* that any similarities between them relate only to noncopyrightable elements, and that the two works are not substantially similar.

■ We will consider the second proposition first. As the above description should make clear, the only similarity between the two plots is the search for the El Dorado (or Manoa), the lost city of gold, in Latin America in the Sixteenth and Seventeenth centuries. The protagonist of The Sacrifice is Sir Walter Raleigh, a historical figure who was an important member of the English Court at the turn of the Seventeenth century,[3] while the protagonists of El Dorado are two fictional Spanish con men. Raleigh's search for the lost city of gold ends in failure, while the con men of El Dorado succeed in finding the city. Finally, the "concept and feel" of the two works could not be more different. *Williams v. Crichton*, 84 F.3d 581, 589 (2d Cir.1996). The Sacrifice is a serious and tragic dramatic play intended for an adult audience, while El Dorado is an animated musical comedy intended for children. Any further discussion of these two radically different works would be superfluous. They are, in sum, substantially *dissimilar*, and no reasonable jury, properly instructed, could find that the two works are substantially similar. *See Warner Bros.*, 720 F.2d at 240. This is a sufficient finding to require summary judgment for the defendants. *Id.*

■ Moreover, any similarities between the works relate solely to non-copyrightable elements, thus providing an independent ground for summary judgment. *See Warner Bros.*, 720 F.2d at 240. Interpretations of historical events are "not copyrightable as a matter of law." *Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972, 978 (2d Cir.1980). As The Sacrifice is based on actual people and actual events,[4] the "scope" of the plaintiff's copyright is "narrow indeed, embracing no more than the author's original expression of particular facts and theories already in the public domain." *Id.* at 974. Therefore, since the plot and characters of The Sacrifice are interpretations of actual historical events, the only protectible elements of The Sacrifice are its concept and feel. In this regard, we reiterate that The Sacrifice is a dark tragedy and El Dorado is a light comedy, and, therefore, we conclude that the latter did not copy protectible ele-

---

2. Of course, in making this determination, we are constrained by the well-established rules governing summary judgment. *See, e.g., Pappas v. Giuliani*, 118 F.Supp.2d 433, 436–37 (S.D.N.Y.2000).

3. *See, e.g.,* Marc Aronson, Sir Walter Raleigh and the Quest for El Dorado (Clarion Books 2000).

4. Sir Walter Raleigh, the protagonist of The Sacrifice, was an Englishman who spent much of the latter years of his life searching for a lost city of gold. *See* Aronson; Time–Life Books, Lost Civilizations: The Search For El Dorado 22–25 (1994) (hereinafter Lost Civilizations). Other characters and plot elements in The Sacrifice are also based on historical facts. Don Antonio de Berro, another primary character in The Sacrifice, is likely based on Antonio de Berrio, one of Spain's governors in the New World, who was, in fact, questioned about the lost city by Raleigh. *See* Aronson at 126–27; Lost Civilizations at 18–23. Walter Keymis appears to have been based on Lawrence Keymis, a life-long friend of Raleigh, who shot himself when it became apparent that Raleigh's search for the lost city of gold had failed. *See* Aronson at 165, 182–83.

ments of the former. This finding is sufficient on its own to award summary judgment to defendants. *See Warner Bros.,* 720 F.2d at 240.

### CONCLUSION

Because we find that The Sacrifice and El Dorado are substantially dissimilar, and because we find that any similarities between them relate to uncopyrightable elements, defendants' motion for summary judgment is granted.